UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DALE FUGATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00063-JMS-MJD |
| | ) | |
| NEIL J. MARTIN, *et al.*, | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against the following defendants: (1) Neil Martin, M.D.; (2) Robert Lang, D.O.; (3) Frances Dwyer, M.D.; (4) Mary Rankin, Health Services Administrator; (5) Kimberly Hobson, R.N.; (6) Susan Leturgez, R.N.; (7) Robin Knust, R.N.; (8) Kathy Willis, R.N.; (9) Cynthia York, R.N.; (10) Katherine Willis, R.N.; (11) Regina Robinson, R.N.; (12) Amy Wright, R.N.; (13) Teresa Allen, L.P.N.; (14) Richard Brown, Superintendent; and (15) Corizon Medical Provider ("Corizon"). The Complaint contains comprehensive allegations regarding the medical treatment the plaintiff received from these defendants. The Court details the most relevant allegations below, before discussing whether they are sufficient to state a claim for relief.

During his incarceration, the plaintiff has been diagnosed with and treated for Hepatitis C, Type 2 diabetes, diabetic nerve pain, suppurative otits media, and hip pain. In 2008, the plaintiff was prescribed Lantus, which is an expensive insulin that was effective in controlling his diabetes, and pain medications. Then, in late 2013 and early 2014, Dr. Frances Dwyer changed the plaintiff's insulin medication from Lantus to a cheaper drug. The plaintiff, however, is allergic to certain kinds of insulin and had an allergic reaction to the new drug. On March 12, 2014, the plaintiff saw Dr. Dwyer about the new drug and the plaintiff's allergic reaction to it, which caused "very painful" skin infections like boils, but Dr. Dwyer "did nothing and said Plaintiff would be fine." [Filing No. 2 at 9.] Through April and May of 2014, the plaintiff continued to complain to Dr. Dwyer about the new drug and the pain it was causing him, but nothing changed.

On May 22, 2014, the plaintiff saw Dr. Robert Lang who, among other things, told the plaintiff that "he must continue taking his insulin and would not change it even though Plaintiff complained it was making him sick and causing the skin infection and pain." [Filing No. 2 at 10.] Instead, the plaintiff was given pain medication, primarily for painful bone spurs in his hip, and an antibiotic for his skin infection. However, on June 1, 2014, Dr. Lang and Dr. Neil Martin decided

to discontinue the plaintiff's pain medication, which led to the plaintiff suffering extreme hip pain that limited his ability to move. The plaintiff filled out a healthcare request form asking for more pain medication.

Without pain medication, the plaintiff's hip pain and diabetic nerve pain made it extremely difficult for the plaintiff to make the long walk to the medicine line and back to receive his insulin. Therefore, the plaintiff quit retrieving his insulin and began missing meals. The plaintiff's skin condition improved once he stopped taking his insulin.

The plaintiff spoke with his counselor Ms. Padgent, who spoke with Lisa Wolf and C.A. Swartzentruber, regarding the plaintiff's pain medication. They told him that he must take all prescribed medicine or he would be admitted to the infirmary, but the plaintiff told them that the insulin was making him sick and causing extreme pain. Ultimately, the plaintiff explained to Ms. Padgent that every time he sees a new doctor they take his pain medication and change his insulin, and he would not continue on his medications until he sees a doctor about these issues. Dr. Martin visited the plaintiff in his cell, and told him that if he took his insulin he would reinstate the plaintiff's pain medication in three months.

Dr. Lang subsequently informed the plaintiff that he tried to prescribe the plaintiff pain medication again, but Corizon and Superintendent Brown would not let him. Plaintiff later explained to Dr. Lang and Dr. Martin that he would comply with his insulin regime so he could get his pain medications back, but again told them that he was allergic to it and it was making him sick.

On July 30, 2014, the plaintiff saw Dr. Lang for his continued diabetic nerve and bone spur pain that was worsening. But Dr. Lang refused to do anything for the pain and would not give him the pain medication he previously was prescribed.

The plaintiff continually informed Dr. Lang that his pain was increasing, and again informed Dr. Lang that he was having an allergic reaction to the insulin, which was causing a painful skin infection. Dr. Lang and Dr. Martin, however, responded that there is no such thing as an insulin allergy and therefore the insulin could not be causing the skin infection. The plaintiff filed a grievance about this issue on August 6, 2014, but Health Service Administrator Mary Rankin agreed with Dr. Lang and Dr. Martin regarding the insulin and withheld pain medication until the plaintiff complied with his insulin regime.

Throughout October and November 2014, the plaintiff continued to complain about his allergic reaction to his insulin and that the skin infection it caused was very painful, yet Dr. Martin continued to deny that there was an insulin allergy and told the plaintiff he will not receive his pain medication unless he takes his insulin. The skin infection caused by the insulin eventually caused painful sores to develop on the plaintiff's head and body. Eventually the plaintiff again refused to take his insulin, and on November 26, 2014, Dr. Martin noted that the skin condition seemed to improve once the plaintiff refused his insulin. The plaintiff told Dr. Martin that Lantus used to work very well, but Dr. Martin told the plaintiff it was too expensive so they would try a different insulin.

Dr. Martin switched the plaintiff to a slightly more expensive insulin, Novalin, but when administered by Nurse Teresa Allen, that insulin also caused an allergic reaction. Nevertheless, Dr. Martin disagreed and told the plaintiff he must continue taking the insulin.

Dr. Martin ordered the plaintiff admitted to the infirmary on December 4, 2014, to treat his skin infection with Vancomycin and Zosyn. Treatment with these drugs required constant monitoring while the drug was being administered during a six to twelve hour period. On December 5, 2014, the plaintiff complained that one of the infections on his neck was causing

extreme pain, and Dr. Martin cut open the sore to let it drain and prescribed pain and sleep medications.

On December 6, 2014, Dr. Martin ordered an increased dosage of Vancomycin to 1.5g/12 hours.  Nurse Robin Knust, however, incorrectly entered into the computer an increase to 2g/12 hours, which exceeds the limit for people such as the plaintiff who have renal impairments.  She then administered the plaintiff that dose.  The plaintiff complained of nausea and vomiting, but Nurse Knust did nothing in response.

Over the next several days, through December 18, 2014, the plaintiff continued to receive this dosage of Vancomycin, as well as Zosyn and an overdose of Unasyn, and his condition continued to deteriorate.  Specifically, Nurse Hobson, Nurse Leturgez, Nurse Knust, Nurse Kathy Willis, Nurse York, Nurse Katherine Willis, Nurse Robinson, Nurse Wright, Nurse Allen, and Dr. Martin all administered an overdose of at least Vancomycin without reviewing the drug's warnings or the proper dosage between December 6 and December 18, 2014.  During this time, the plaintiff was continually nauseous and vomiting, he lost between 10 and 15 pounds, and was in extreme pain.

At 9:45 a.m. on December 18, 2014, Dr. Martin noticed that the plaintiff's Vancomycin levels were alarmingly high, but went to deal with another patient instead of immediately seeing the plaintiff.  Shortly thereafter, there was an emergency room call because the plaintiff went into cardiac arrest.  Medical staff used a defibrillator on the plaintiff, and he was taken first to Sullivan County Hospital then to the emergency room at Terre Haute Regional Hospital.  During transport the plaintiff had several heart attacks.

The plaintiff was subsequently admitted to the Terre Haute Regional Hospital Critical Care Unit.  Testing revealed that the plaintiff had Vancomycin levels well over the level that could be

lethal. The plaintiff was diagnosed with critical kidney failure, respiratory failure, nephrotoxicity, cardiac arrest, and was septic, which were all caused by his Vancomycin overdose. According to the plaintiff, the medical staff told them that this never should have happened and that his medical providers were reckless in treating him.

Due to these occurrences, the plaintiff suffered and continues to suffer brain damage resulting in memory loss, kidney damage, and heart damage. The plaintiff was eventually returned to Wabash Valley, where a new doctor, Dr. Samuel Byrd, has changed the plaintiff's insulin back to Lantus and added to the plaintiff's medical records that he has an insulin allergy.

In light of the foregoing, the plaintiff contends that the defendants violated his Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs and violated Indiana medical negligence law. To prevail on an Eighth Amendment medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

The foregoing allegations are sufficient to establish Eighth Amendment medical claims and Indiana medical negligence claims against all of the defendants. First, Dr. Lang, Dr. Dwyer, Dr. Martin, HSA Rankin, and Superintendent Brown were all personally involved in prescribing the plaintiff the cheaper insulin to which he was allergic and the related decision to deprive the plaintiff of pain medications when he was non-compliant with his insulin regime. Second, Nurse Hobson, Nurse Leturgez, Nurse Knust, Nurse Kathy Willis, Nurse York, Nurse Katherine Willis, Nurse Robinson, Nurse Wright, Nurse Allen, and Dr. Martin were all personally involved in

treating the plaintiff in the infirmary, including administering an overdose of Vancomycin and failing to adequately treat the plaintiff's deteriorating condition during that time.

Finally, as to Corizon, it can be liable "only . . . if the injury alleged is the result of a policy or practice." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) (citations and quotation marks omitted). The plaintiff alleges that Corizon has a policy of denying constitutionally adequate medical care by limiting the medications its medical professionals may prescribe to certain inexpensive ones. Specifically, the plaintiff alleges that Corizon's policy caused him to be switched to a cheaper insulin medication to which he was allergic and precluded him from receiving Lantus, which adequately controlled his diabetes.

## II.

Given the foregoing, the following claims **shall proceed**:

- Eighth Amendment medical claims against defendants Dr. Lang, Dr. Dwyer, Dr. Martin, HSA Rankin, and Superintendent Brown regarding the plaintiff's injuries caused by prescribing him the cheaper insulin drug to which he was allergic and the related withholding of pain medications from the plaintiff.

- Eighth Amendment medical claims against Nurse Hobson, Nurse Leturgez, Nurse Knust, Nurse Kathy Willis, Nurse York, Nurse Katherine Willis, Nurse Robinson, Nurse Wright, Nurse Allen, and Dr. Martin regarding the treatment the plaintiff received in the infirmary, including but not limited to the administering of an overdose of Vancomycin and failing to adequately treat the plaintiff's deteriorating condition during that time.

- An Eight Amendment policy claim against Corizon regarding its policy of only allowing its medical professionals to prescribe certain inexpensive medications, leading to the plaintiff being switched to a cheaper insulin medication to which he was allergic and precluded him from receiving Lantus, which adequately controlled his diabetes.

- State law negligence claims again Corizon to the extent they are liable under the doctrine of *respondeat superior* for their employees' actions.

The clerk is **designated** pursuant to *Fed. R. Civ. P*. 4(c)(3) to issue process to defendants (1) Neil Martin, M.D.; (2) Robert Lang, D.O.; (3) Frances Dwyer, M.D.; (4) Mary Rankin, Health Services Administrator; (5) Kimberly Hobson, R.N.; (6) Susan Leturgez, R.N.; (7) Robin Knust,

R.N.; (8) Kathy Willis, R.N.; (9) Cynthia York, R.N.; (10) Katherine Willis, R.N.; (11) Regina Robinson, R.N.; (12) Amy Wright, R.N.; (13) Teresa Allen, L.P.N.; (14) Richard Brown, Superintendent; and (15) Corizon Medical Provider in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: April 11, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DALE FUGATE
850518
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Neil Martin, M.D.
Robert Lang, D.O.
Frances Dwyer, M.D.
Mary Rankin, Health Services Administrator
Kimberly Hobson, R.N.
Susan Leturgez, R.N.
Robin Knust, R.N.
Kathy Willis, R.N.
Cynthia York, R.N.
Katherine Willis, R.N.
Regina Robinson, R.N.
Amy Wright, R.N.
Teresa Allen, L.P.N.
Richard Brown, Superintendent
Wabash Valley Correctional Facility
6908 S. Old U.S. Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Corizon Medical Services
103 Powell Ct.
Brentwood, TN 37027