UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DALE FUGATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00063-JMS-MJD |
| | ) | |
| NEIL J. MARTIN, | ) | |
| ROBERT J. LANG, | ) | |
| FRANCES E. DWYER, | ) | |
| MARY RANKIN, | ) | |
| KIMBERLY A. HOBSON, | ) | |
| SUSAN LETURGEZ, | ) | |
| ROBIN L. KNUST, | ) | |
| CYNTHIA K. YORK, | ) | |
| KATHERINE M. WILLIS, | ) | |
| REGINA J. ROBINSON, | ) | |
| AMY R. WRIGHT, | ) | |
| TERESA J. ALLEN, | ) | |
| RICHARD BROWN, | ) | |
| CORIZON MEDICAL PROVIDER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| DALE FUGATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00321-JMS-MJD |
| | ) | |
| SAMUEL J. BYRD, | ) | |
| MARY A. CHAVEZ, | ) | |
| KIM HOBSON, | ) | |
| RICHARD BROWN, | ) | |
| ROBERT CARTER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER CONSOLIDATING CASES**

On January 31, 2019, the Court issued Orders to Show Cause in Cause No. 2:16-cv-00063-JMS-MJD [Dkt. 107] and Cause No. 2:18-cv-00321-JMS-MJD [Dkt. 44] ordering the parties to

"show cause why these actions should not be consolidated pursuant to Rule 42(a)." The Court has reviewed the parties' responses to the Orders to Show Cause and hereby **CONSOLIDATES** the two cases.

## I. Background

**A.** *Fugate v. Martin, et al.*, **Cause No. 2:16-cv-00063-JMS-MJD**

On February 24, 2016, Plaintiff, an inmate at Wabash Valley Correctional Facility, filed his claims *pro se* against Defendants: (1) Martin, (2) Lang, (3) Dwyer, (4) Rankin, (5) Hobson, (6) Leturgez, (7) Knust, (8) York, (9) Willis, (10) Robinson, (11) Wright, (12) Allen, (13) Brown, and (14) Corizon Medical Provider. [Dkt. 2.] Plaintiff "has been diagnosed with and treated for Hepatitis C, Type 2 diabetes, diabetic nerve pain, suppurative otits media, and hip pain." [Dkt. 10 at 2.] To control Plaintiff's diabetes and pain, Plaintiff was given "an expensive insulin" called Lantus, beginning in 2008. [Dkt. 10 at 2.] Between 2013 and 2014, Plaintiff asserted his prescription for Lantus was changed to a "cheaper drug" which Plaintiff claimed caused him to develop an allergic reaction and skin infection. [Dkt. 10 at 2.] Plaintiff stated when he complained about the issues with the new prescription Plaintiff was told to continue taking the insulin, as it would not be changed back to the old prescription. [Dkt. 10 at 2.] Later Plaintiff contended his pain medication ceased to be administered by Defendants. [Dkt. 10 at 3.] On August 6, 2014, Plaintiff filed a formal grievance regarding deprivation of insulin and pain medication but again was told to adhere to the insulin treatment plan before any pain medication would be reinstated. [Dkt. 10 at 4.] By late 2014, Plaintiff was prescribed Novalin, "a slightly more expensive insulin" which also produced an allergic reaction. [Dkt. 10 at 4.] Treatment of Plaintiff's skin infection included administration of Vancomycin and Zosyn; Plaintiff's dosage of Vancomycin was

enlarged on December 6, 2014 but incorrectly entered into the computer.[1] [Dkt. 10 at 5.] Plaintiff claimed he was given an overdose of Vancomycin between December 6 and December 18, 2014, which led to symptoms of nausea and vomiting, significant weight loss, and severe pain. [Dkt. 10 at 5.] On December 18, 2014 Plaintiff suffered cardiac arrest, was taken to Terre Haute Regional Hospital emergency room, and "had several heart attacks" while in route to the medical facility. [Dkt. 10 at 5.]

Plaintiff "was diagnosed with critical kidney failure, respiratory failure, nephrotoxicity, cardiac arrest, and was septic, which were all caused by his Vancomycin overdose." [Dkt. 10 at 6.] Plaintiff stated as a result of the increase dosage, Plaintiff "suffered and continues to suffer brain damage, resulting in memory loss, kidney damage, and heart damage." [Dkt. 10 at 6.] In this action, Plaintiff brings Eighth Amendment deliberate indifference claims against Defendants, along with violations of Indiana medical negligence law. [Dkt. 10 at 6.] On April 11, 2016, in the Court's *Entry Screening Complaint and Directing Further Proceedings*, the Court found "the allegations [were] sufficient to establish [all] claims against all of the defendants." [Dkt. 10 at 6.] Further, the Court allowed Plaintiff's Eighth Amendment policy claim against Defendant Corizon, regarding Corizon's allowance of prescriptions of "inexpensive medications" that allegedly caused Plaintiff's allergic reactions to occur, to proceed; Plaintiff's state law negligence claims against Corizon were also found sufficient to go forward. [Dkt. 10 at 7.]

On May 5, 2016, the Court granted Plaintiff's motion for counsel and appointed Attorney Kenneth J. Falk of the American Civil Liberties Union (ACLU) to represent Plaintiff through final judgment in this matter. [Dkt. 17.] On May 12, 2016, and pursuant to the Court's Entry [Dkt. 17],

---

[1] "On December 6, 2014, Dr. Martin ordered an increased dosage of Vancomycin to 1.5g/12 hours. Nurse Robin Knust, however, incorrectly entered into the computer an increase to 2g/12 hours, which exceeds the limit for people such as the plaintiff who have renal impairments." [Dkt. 10 at 5.]

3

Mr. Falk entered his appearance for Plaintiff. [Dkt. 21.] Subsequently, on November 2, 2016, Mark W. Sniderman also entered his appearance for Plaintiff in this matter. [Dkt. 51.] On December 9, 2016, the Court granted the parties' joint motion to stay and administratively closed the matter pending resolution of Plaintiff's medical malpractice proceedings before the Indiana Department of Insurance [Dkt. 63 at 1]; the Court lifted the stay in this action on June 29, 2018 [Dkt. 69 at 1]. Subsequent to the filing of Plaintiff's cause of action in *Fugate v. Byrd, et al.*, Cause No. 2:18-cv-00321-JRS-MJD, the Court issued its January 31, 2019 Order to Show Cause [Dkt. 107] why these actions should not be consolidated pursuant to Rule 42(a).

On February 12, 2019, Plaintiff, by his appointed counsel, filed his *Response* to the Court's Order and argued the following against consolidation: 1) though both cases question the medical treatment Plaintiff received, "this [2016] case focuses on the treatment of plaintiff leading to his cardiac arrest and hospitalization in December of 2014 . . . the alleged failure to properly administer Vancomycin and other medications, and to monitor plaintiff, while he suffered from a serious infection"; 2) the 2018 matter "focuses on unrelated treatment decisions made in the latter part of 2016 and 2017"; 3) the 2016 case brings claims against medical Defendants comprised of nurses and doctors; 4) the 2018 case does not involve any nurses; and 5) though Defendants Brown and Health Service Administrators are common Defendants in both cases, the "underpinning" of the matters are different. [Dkt. 108 at 1-2.] Defendants did not object to case consolidation. [Dkts. 109, 110, & 114.]

**B.** *Fugate v. Byrd, et al.*, **Cause No. 2:18-cv-00321-JMS-MJD**

On July 18, 2018, Plaintiff filed his claims *pro se* against Defendants: 1) Byrd, 2) Chavez, 3) Hobson, 4) Brown, and 5) the I.D.O.C. Commissioner Carter [Dkt. 2.] Plaintiff asserted the following among his claims: 1) Defendants Doctors Chavez and Byrd denied the Plaintiff pain medication and consequently Plaintiff had a mild stroke; 2) Plaintiff did not receive adequate

4

treatment for conditions of Hepatitis C and renal failure; 3) Defendant Hobson was aware of Plaintiff's treatment grievances and failed to "remedy the situation"; 4) Plaintiff's treatment was terminated by Defendants "in retaliation for receiving a letter from the ACLU[2] . . . regarding the plaintiff's medical care and grievances about his care"; and 5) Defendants Warden Brown and I.D.O.C. Commissioner Robert Carter were aware of Plaintiff's complaints and failed to intervene to "ensure that the Plaintiff receive[d] adequate medical treatment." [Dkt. 14 at 2.] On September 18, 2018, in the Court's *Entry Screening Complaint and Directing Further Proceedings*, the Court found these aforementioned Eighth Amendment medical care and First Amendment retaliation claims will proceed against all Defendants; Plaintiff's Eighth Amendment claim involving his lack of treatment for Hepatitis C would be addressed in a separate Court order due to a pending class action[3] before the Court. [Dkt. 14 at 3.]

On January 31, 2019, the Court issued its Order to Show Cause [Dkt. 44] why the 2016 and current 2018 causes of action should not be consolidated pursuant to Rule 42(a). On February 7, 2019, Corizon Defendants filed their *Response* stating no objection to consolidation. [Dkt. 45.] On February 14, 2019, State Defendants filed their *Response* stating no objection to consolidation. [Dkt. 48.] Plaintiff, *pro se*, did not file a *Response* to state any objection to consolidation.

---

[2] The Court notes the reference to the ACLU letter refers to the Plaintiff's representation in the aforementioned 2016 matter, *Fugate v. Martin, et al.*, Cause No. 2:16-cv-00063-JMS-MJD.
[3] The Court notes that on October 14, 2018, attorney Mark W. Sniderman, lead appointed class counsel in *Stafford, et al., v. Carter, et al., v. Robert E. Carter, Jr., et al.*, Cause No. 1:17-cv-0289-JMS-MJD, filed a *Notice of Scope of Class* regarding Dale Fugate. [Dkt. 19.] Upon Mr. Sniderman's review of Plaintiff's *Complaint* and the *Entry Screening Complaint and Directing Further Proceeding*s [Dkt. 2; Dkt. 14], the undersigned contended "[f]or the purposes of [Fugate's] Eighth Amendment claim seeking injunctive and declaratory relief relating to Defendants' treatment of his HCV, Plaintiff Fugate is a member of the *Stafford* class." [Dkt. 19 at 2.] However, [f]or the purposes of [Fugate's] Eighth Amendment claim seeking damages relating to Defendants' treatment of his HCV, Plaintiff Fugate is not a member of the *Stafford* class." [Dkt. 19 at 2.]

5

## II. **Legal Standard**

Federal Rule of Civil Procedure 42(a) governs the Court's ability to order the consolidation of cases. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court may order consolidation on its own initiative" absent motions from the parties. 9A Fed. Prac. & Proc. Civ. § 2383 (3d. ed.). "The fact that the cases may be in different stages does not bar consolidation." *Werner*, 797 F. Supp. at 1212; *see also Am. Airlines, Inc. v. Port of N.Y. Auth.*, 94 F.R.D. 672, 673 (S.D.N.Y. 1982) (citing 5 James W. Moore et al., Moore's Federal Practice § 42.02(3) (2d. 1982) ("different discovery stages is not fatal to the consolidation motion.")). Moreover, "the fact that discovery [in one action] has progressed further [than another] should not, standing alone, prevent consolidation and may, in fact, even favor it. Since the two actions share issues of law and fact, much of the discovery [for one case] should be applicable to the [other] action." *Internet Law Library, Inc. v. Southridge Capital Mgmt.*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002).

Consolidation itself serves "[t]he primary purpose . . . to promote convenience and judicial economy." *Miller v. Wolpoff & Ambramson, LLP*, No. 1:06-CV-207-TS, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28, 2007). This Court's workload dictates that every effort must be made to ensure the speedy and efficient administration of justice.[4] Federal Rule of Civil Procedure 42 operates as a "'managerial device [that] makes possible the streamlined processing of groups of cases, often obviating the need for multiple lawsuits and trials.'" *Miller*, 2007 WL 2473431, at *2 (quoting 8

---

[4] In the 12-month period ending December 31, 2018, the weighted filings per judgeship in the Southern District of Indiana stood at 991, first in the Seventh Circuit, and second in the nation. *See* http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2018/12/31-1.

James W. Moore et al., Moore's Federal Practice § 42.10, at 42-8 (3rd ed. 2005)). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). In turn, a district court's decision to consolidate cases is subject to review "only for an abuse of discretion." *Star Ins. Co. v. Risk Marketing Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009).

### III. Discussion

In its discussion, the Court addresses the arguments raised by Plaintiff in 2:16-cv-00063-JMS-MJD opposing the consolidation of these two cases. In his *Response* by counsel, Plaintiff noted that "[a]lthough both cases concern medical treatment issues," the there are "fundamental differences in the factual claims in the case" that make consolidation unwarranted. [Dkt. 108 at 1-2.] Plaintiff contended the 2016 cause of action concerned the events leading up Plaintiff's cardiac arrest and hospitalization, predominantly the administered treatment of Vancomycin. [Dkt. 108 at 2.] The alleged events leading up to Plaintiff's hospitalization included Plaintiff's asserted facts that his insulin prescription was changed resulting in an allergic reaction and skin infections; these circumstances prompted the treatment modality of large doses of Vancomycin. Plaintiff alleged he continues to suffer from kidney damage in the aftermath of his hospitalization. In the 2018 cause of action, Plaintiff asserted he was similarly denied pain medication which led to a mild stroke; additionally, Plaintiff claimed Defendants failed to treat his continued renal failure. The Plaintiff raised Eighth Amendment violations as they apply to his medical care in both cases. Furthermore, the Court finds a common nucleus relating both the causes of action in Plaintiff's 2018 retaliation claim that medical Defendants ceased to provide him treatment due to the discovery of the ACLU's representation of the Plaintiff in the 2016 matter. The Court finds there are multiple common questions of law and fact that allow the consolidation of these cases.

"[I]t is the court's decision whether the common questions of law and fact indicate that

7

sufficient judicial economy would be achieved by consolidation when balanced against any inconvenience, delay, or expense caused the parties by attending trial of some issues not shared by all." *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (granting consolidation of cases with different cause of action, facts, and parties) (quoting *Vaccaro v. Moore-McCormack Lines, Inc.*, 64 F.R.D. 395, 397 (S.D.N.Y. 1974); *see also Am. Photocopy Equip. Co. v. Fair, Inc.*, 35 F.R.D. 236 (N.D. Ill. 1963) (granting consolidation of two patent infringement cases brought by same plaintiff against different defendants). The Plaintiff argued that the 2016 and 2018 matters not only involve a different composition of Defendants, but also that even though there are Defendants who are parties to both matters, these individuals are subject to different allegations in the filed complaints. The Court is not persuaded by this argument which seeks to avoid consolidation on a categorical notion that some parties are doctors, nurses, or administrators, and there are no nurses sued in the 2018 matter. The Federal Rule Civil Procedure 42 need not require "that actions be identical before they may be consolidated." *In re Cendant Corp. Litig.*, 182 F.R.D. 476 (D. N.J. 1998). Moreover, the act of consolidation "cannot effect a merger of the actions or the defenses of the separate parties . . . [or] change the rights of the parties in separate suits." *Cole v. Schenley Indus., Inc.*, 563 F. 2d 35, 38 (2d Cir. 1977). "A court can in appropriate circumstances consolidate cases before it . . . whether or not the parties want the cases consolidated[.]" *Conn. Gen. Life Ins. v. Sun Life Assurance Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000).

Therefore, these findings are sufficient for consolidation for the purposes of judicial efficiency and pursuant to Federal Rule of Civil Procedure 42(a).

### IV.  **Pending Motions**

In light of the consolidation of these matters, the Court further orders as follows:

8

**A.**   *Fugate v. Martin, et al.*, **Cause No. 2:16-cv-00063-JMS-MJD**

    1. With regard to Cause No. 2:16-cv-00063-JMS-MJD:

        a. All case management deadlines are hereby **SUSPENDED**. The Court will schedule an initial pretrial conference by separate order for purposes of establishing case management deadlines and scheduling a settlement conference in the consolidated case.

        b. In light of the suspension of the case management deadlines, Plaintiff's *Unopposed Motion to Extend Time to Make Expert Disclosures and File Expert Report* [Dkt. 113], and Defendants' *Motion to Stay Case Management Order Deadlines Pending Consolidation* [Dkt. 114] are hereby **DENIED AS MOOT**.

**B.**   *Fugate v. Byrd, et al.*, **Cause No. 2:18-cv-00321-JMS-MJD**

    1. With regard to Cause No. 2:18-cv-00321-JMS-MJD:

        a. Since Plaintiff will be represented by counsel upon consolidation, Plaintiff's *Motion for Assistance with Recruiting Counsel* [Dkt. 18] is **DENIED AS MOOT**.

        b. Likewise, since Plaintiff will be represented by counsel upon consolidation, Plaintiff's *Motion for Preliminary Injunction—Medical* [Dkt. 41] is **DENIED** without prejudice to its resubmission. Counsel for Plaintiff is directed to review the motion, which may be refiled as counsel deems appropriate.

Also pending in Cause No. 2:18-cv-00321-JMS-MJD is Defendants' *Motion to Stay* [Dkt. 35] this matter pending the resolution of *Stafford v. Carter*, Cause No. 1:17-cv-00289-JMS-MJD currently pending in this Court, as well as Cause No. 2:16-cv-00063-JMS-MJD consolidated by this order. The *Stafford* case is a class action addressing the same injunctive relief sought by Plaintiff in this case with regard to his treatment for Hepatitis C. In *Stafford*, the Court granted Plaintiffs' motion for summary judgment as to liability on Plaintiffs' Eighth Amendment claim and the matter is currently awaiting a remedies hearing. [*Id.* at Dkt. 186.] While resolution of *Stafford* case may resolve the issue of injunctive relief with regard to his treatment for Hepatitis C, a judgment in that matter would not resolve any of Plaintiff's other claims, to include his personal injury claim relating to the delay of his treatment for Hepatitis C.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); Fed. R. Civ. P. 26(c); *see, e.g., E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108 at *2 (N.D. Ind. Aug.1, 2012). The party seeking a stay has no absolute right to a stay; rather, that party "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *Cloverleaf Golf Course, Inc. v. FMC Corp.*, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011). "[The Court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *U.S. ex rel. Robinson v. Indiana University Health Inc.*, 2015 WL 3961221 at *1, (S.D. Ind. 2015) (internal citation omitted). "Courts disfavor stays. A court may stay a matter through an exercise of its inherent authority to manage litigation or through its authority under of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 1:14-CV-01589, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013). District courts have "extremely broad discretion" in weighing these factors and in deciding whether a stay should issue. *Robinson*, 2015 WL 3961221 at *1.

District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously, *see, e.g., James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005); *see also* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."), and the Court thus prefers to avoid any further delay in the resolution of this case. Given the consolidation of Plaintiff's cases, and the fact that

10

resolution of the *Stafford* case would only resolve, at best, a small portion of Plaintiff's claims in the consolidated cases, the balance clearly and distinctly weighs in favor of this matter proceeding as expeditiously as possible. Therefore, the Court will exercise its discretion to **DENY** Defendants' Motion to Stay. [Dkt. 35.]

## V. Conclusion

Accordingly, the Court hereby **CONSOLIDATES** the two cases and orders as follows:

1. The Clerk shall consolidate Cause No. 2:18-cv-00321 **into** Cause No. 2:16-cv-00063 and **close** Cause No. 2:18-cv-00321. No final judgment will issue in Cause No. 2:18-cv-00321.

2. The new consolidated caption in Cause No. 2:16-cv-00063-JMS-MJD shall be as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DALE FUGATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00063-JMS-MJD |
| | ) | |
| TERESA J. ALLEN, | ) | |
| RICHARD BROWN, | ) | |
| SAMUEL J. BYRD, | ) | |
| ROBERT CARTER, | ) | |
| MARY A. CHAVEZ, | ) | |
| CORIZON MEDICAL PROVIDER, | ) | |
| FRANCES E. DWYER, | ) | |
| KIMBERLY A. HOBSON, | ) | |
| ROBIN L. KNUST, | ) | |
| ROBERT J. LANG, | ) | |
| SUSAN LETURGEZ, | ) | |
| NEIL J. MARTIN, | ) | |
| MARY RANKIN, | ) | |
| REGINA J. ROBINSON, | ) | |
| KATHERINE M. WILLIS, | ) | |
| AMY R. WRIGHT, | ) | |

| | |
|---|---|
| CYNTHIA K. YORK, | ) |
| | ) |
| Defendants. | ) |

3. All future filings in 2:16-cv-00063-JMS-MJD shall bear the new consolidated caption.

4. The Clerk is directed to update the short title of the consolidated action as *Fugate v. Allen, et al.*, and is further directed update the docket consistent with the distribution of this Order.

5. The Court's appointment of counsel to represent Plaintiff in Cause No. 2:16-cv-00063 [Dkt. 12] shall remain effective until final judgment is entered in the consolidated case. The Clerk is directed designate Kenneth J. Falk and Mark W. Sniderman as Plaintiff's Recruited Counsel in the consolidated action.

6. Any appearance by counsel entered on behalf of any Defendant in Cause No. 2:18-cv-00321 shall remain effective in the consolidated action.

7. On or before **May 28, 2019**, Plaintiff's Recruited Counsel shall file an amended complaint setting forth Plaintiff's consolidated claims against Defendants. On or before, **June 11, 2019**, Defendants shall respond to Plaintiff's amended complaint.

SO ORDERED.

Dated: 10 MAY 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DALE FUGATE
850518
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

James F. Bleeke
BLEEKE DILLON CRANDALL ATTORNEYS
jim@bleekedilloncrandall.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Lyubov Gore
INDIANA ATTORNEY GENERAL
lyubov.gore@atg.in.gov

Adriana Katzen
BLEEKE DILLON CRANDALL, PC
adriana@bleekedilloncrandall.com

Ashlie K. Keaton
BLEEKE DILLON CRANDALL ATTORNEYS
ashlie@bleekedilloncrandall.com

Mark W. Sniderman
FINDLING PARK CONYERS WOODY & SNIDERMAN, PC
msniderman@findlingpark.com

Bryan David Stoffel
BLEEKE DILLON CRANDALL, PC
bryan@bleekedilloncrandall.com

Jordan Michael Stover
INDIANA ATTORNEY GENERAL
jordan.stover@atg.in.gov

Jarod Zimmerman
KATZ KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com